E-FILED
Friday, 14 October, 2005  02:24:42 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| RANDALL J. VEYS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 03-4084 |
| ) | |
| ILLINOIS BELL TELEPHONE CO., ) | |
| ) | |
| Defendant. ) | |

## O R D E R

This Court previously entered summary judgment in favor of Defendant, and Defendant has now submitted its Bill of Costs pursuant to Federal Rule of Civil Procedure 54(d), seeking to recover $7,032.94.  Of this amount, $4,113.40 represented fees of the court reporter, $140.00 represented witness fees, and $2,779.54 represented copying charges. Plaintiff concedes the amounts claimed for fees of the court reporter and witness fees, but objects to the line item for copying charges.  For the reasons stated herein, Plaintiffs' objections are allowed in part and rejected in part, resulting in an award of costs in the amount of $5,197.93.

### Discussion

"[C]osts . . . shall be allowed as of course to the prevailing party unless the court otherwise directs . . . ."  Fed. R. Civ. P. 54(d)(1).  The costs that may be recovered pursuant to Rule 54(d)(1) are specified in 28 U.S.C. § 1920.  See Crawford v. Fitting Co.

v. J.T. Gibbons, Inc., 482 U.S. 437, 441 (1987). They include: (1) fees of the clerk and marshal; (2) fees of the court reporter; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of "papers necessarily obtained for use in the case"; (5) docket fees; and (6) compensation of court appointed experts and interpreters. 28 U.S.C. § 1920.

Rule 54(d) creates a strong presumption favoring the award of costs to the prevailing party. See Weeks v. Samsung Heavy Indus. Co., Ltd., 126 F.3d 926, 945 (7th Cir. 1997). "The presumption is difficult to overcome, and the district court's discretion is narrowly confined – the court must award costs unless it states good reasons for denying them." Id. (citation omitted). The losing party must affirmatively demonstrate the prevailing party is not entitled to costs. See M.T. Bonk Co. v. Milton Bradley Co., 945 F.2d 1404, 1409 (7th Cir. 1991).

Here, Plaintiff objects only to the amount claimed for copying charges. Pursuant to 28 U.S.C. § 1920, the costs of photocopies "of papers necessarily obtained for use in the case" are recoverable by the prevailing party. As previously discussed with respect to deposition costs, the Seventh Circuit found in Cengr v. Fusibond Piping Systems, Inc., that "[t]he proper inquiry is whether the deposition was 'reasonably necessary' to the case at the time it was taken, not whether it was used in a motion or in court." 135 F.3d 445, 455 (7th Cir. 1998). While the court of appeals was addressing deposition costs, this Court believes that this rationale is equally applicable to costs for photocopying. Accordingly, the proper inquiry is whether the photocopies were reasonably necessary to this case at the time they were made. Additionally, although the prevailing party is "not required to submit

a bill of costs so detailed as to make it impossible economically to recover photocopying costs," Northbrook Excess & Surplus Ins. Co. v. Proctor & Gamble Co., 924 F.2d 633, 643 (7th Cir. 1991), a bill of costs must be sufficiently detailed to enable a court "determine whether the copies in question were reasonably necessary for use in the case, [or else] the claim for costs should be denied." Arachnid, Inc. v. Valley Recreation Prods., Inc., 143 F.R.D. 192, 194 (N.D. Ill. 1992).

Plaintiff argues that Defendant has not met its burden of showing that the photocopied items were necessary or what was actually photocopied. Defendant responds by breaking down the copying charges into specific categories, each of which will be addressed in turn. However, Defendant has submitted clarification or explanation for only $2,077.07 of the $2,779.54 originally sought. The Court therefore declines to award the additional $702.47 in copying costs that have not been explained, as the Court has no basis to determine that such copies were necessarily obtained for use in the case.

A.   EEOC File

Defendant seeks $20.80 for costs paid to a vendor to copy Plaintiff's EEOC file. As the Court has no basis to find that Plaintiff's EEOC file was not relevant and necessarily obtained for use in the litigation, the Court finds that such costs are properly awarded.

B.   Copy of Case Law

Defendant next asks the Court to award $15.50 that it paid to obtain a copy of an order entered in another employment discrimination case against Defendant. The Court finds this to be akin to legal research or other items of attorney overhead rather than the

kind of copying charges contemplated to be awarded as costs. Accordingly, the Court declines to award any amount for these copies.

C.     Discovery

Defendant indicates that the copying charges sought include two copies of the discovery documents that it produced to the Plaintiff, as well as one copy of the pages of the discovery produced by the Plaintiff. The justification for the second copy of Defendant's production and additional copy of the discovery produced by Plaintiff is that two attorneys were working on this matter, and the second copy was made for joint use by the second attorney and the client. With all due respect, it is not unreasonable to expect two attorneys to share one copy of discovery, and it is not appropriate to shift the cost of client communications to the opposing party. The Court therefore finds that the additional copy was made solely for the convenience of the law firm and awards only the cost of making one copy of Defendant's production. The charges for the remaining pages will not be allowed.

As Defendant's itemizations are far from clear and involve numerous invoices from several different vendors charging different page rates, the Court has attempted to reconstruct each printing invoice to determine how many copies were made and at what page rate in order to determine the amount of copying charges that are fairly recoverable as costs.

| Date | Total # of Pages | # of Pages Allowed | Page Rate | Cost Awarded |
|---|---|---|---|---|
| 9/1/04 | 864[1] | 432 | .19 | $82.08 |
| 9/15/04 | 3423[2] | 1141 | .05 | $57.05 |
| 1/25/05 | 1717 | 859 | .065 | $55.84 |
| 2/2/04 | 1581 | 791 | .23 | $181.93 |
| 4/15/04 | 3458[3] | 1041 | .23 | $239.43 |
|  |  |  |  | $616.33 |

    D.    Copies for Witness Interviews

On 7/2/04 and 7/8/04, a total of 1000 copies were made in conjunction with witness interviews at a cost of $.10 per page. As there is no indication that these copies included any convenience copies of the documents, the Court will award the entire $100.00 sought as copying charges for these documents.

    E.    Copies for Witness Interviews/Depositions

On 9/20/04, 9/22/04, and 11/22/04, a total of 1864 copies were made in conjunction with witness interviews and depositions. As there is no indication that these copies

---

[1] Unless otherwise noted, the Court presumes that the number of copies made included one set for production to the Plaintiff, as well as the second set which the Court has determined was merely for the convenience of the law firm. Where this appears to be the case, the Court will reduce the number of copies allowed by 50%.

[2] The invoice for this charge indicates that three copies of 1141 documents were made on this occasion. Accordingly, only the one copy that this Court has determined to have been necessarily obtained will be allowed.

[3] As explained by counsel, this amount includes two copies of 1041 pages that were part of Defendant's initial disclosure, as well as "at least one copy" of the Plaintiff's 896 pages of discovery that mas made for the client. Only one copy of the 1041 pages will be allowed, and as set forth previously in this Order, the more than 896 additional copies made for the client will be disallowed.

included any convenience copies of the documents, the Court will award the entire $186.40 claimed as copying charges for these documents.

F.  Court Filings

On 3/25/05, 420 copies of exhibits in support of Defendant's Motion for Summary Judgment. Counsel indicates that this included a courtesy copy for the Court, as well as a copy to the client. As the cost of the client copy is not properly shifted to Plaintiff, the Court awards only the cost of 210 copies at $.10 each, for a total of $21.00 in connection with this invoice.

On 5/6/05, 224 copies were made at a cost of $22.40. Based on counsel's explanation that this represents making a copy of Plaintiff's response and Defendant's reply to the Motion for Summary Judgment for the client, the Court finds that no amount of this charge will be awarded.

## CONCLUSION

For the reasons set forth above, the Court hereby awards $4,113.40 as fees of court reporters, $140.00 as fees for witnesses, and $944.53 as fees for exemplification and copies of papers necessarily obtained for use in the case. Accordingly, the Clerk of Court is directed to tax costs in the amount of $5,197.93 in favor of Defendant and against Plaintiff.

ENTERED this 14th day of October, 2005.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge